UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES WITHAM, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-0371 TLS |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner James Witham, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. According to the petition, on April 10, 2007, a disciplinary hearing board ("DHB") found the petitioner guilty of violating Indiana's statute on criminal gang activity and imposed a loss of 443 days of earned credit time and demoted him to a lower credit time earning classification**.** He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."*Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those claims which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S.

539 (1974), and "some evidence" to support the decision of the prison disciplinary board," *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Witham submits seven grounds for relief. In ground three of his petition, Mr. Witham asserts that the investigator was not properly trained in process and procedure governing matters of criminal law and in ground four of his petition, he asserts that the Investigator who filed the charges against him did not follow Indiana Department of Correction ("IDOC") policy and procedure.

That prison officials did not train the investigator in criminal procedure states no claim because prison disciplinary hearings are not criminal proceedings. That the investigator did not follow IDOC policy states no claim upon which relief can be granted because relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Violations of the prison disciplinary policies do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. at 774–75.

In ground six of his petition, Mr. Witham asserts that the hearing body did not consider documentary evidence he submitted. In support of this claim, he states that the "evidence provided by Witham clearly provides that Witham was not active in the 'Aryan Brotherhood,' and made numerous attempts at extricating himself from the group." (Attachments to Petition at 3). The Fourteenth Amendment provides that prisoners be allowed to present evidence to the board; it does not, however, guarantee that hearing boards must believe evidence presented by inmates. The DHB is the judge of credibility of evidence placed before it.  That the board may have chosen not to believe the persons who wrote statements on Mr. Witham's behalf states no claim upon which relief can be granted

2

In ground seven of his petition, Mr. Witham asserts that the board was not impartial. In support of this ground he states that the board imposed severe sanctions against him, that the investigator works closely with the DHB, that the board referred to an earlier case in which he had been exonerated, that the board did not believe his evidence, and that the board allowed the screening officer to be present at the hearing.

Due process requires that decision-makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff v. McDonnell*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). Mr. Withal, however, does not assert that any of the board members were involved in investigating the charges against him or were personally involved in the events that resulted in the charge against him, and the claims he actually makes do not state a claim upon which relief can be granted pursuant to *Wolff*.

In ground one of his petiton, Mr. Witham asserts that the charges against him were too vague to allow him to present a defense and in grounds two and five he asserts that the charges against him were based on unreliable informant information. These grounds are sufficient to state a claim upon which relief may be granted

For the foregoing reasons, the Court:

    (1) GRANTS the petitioner leave to proceed on grounds one, two, and five of his petition for writ of habeas corpus,

    (2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES the claims presented in grounds three, four, six, and seven of the petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on August 27, 2007.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION